■ In the Matter of HENRY PHIPPS PLAZA SOUTH, INC., Respondent-Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants-Respondents.—Judgment (denominated final order and judgment), Supreme Court, New York County, entered March 29, 1972 in a tax certiorari proceeding reducing assessment of land for tax year 1969/1970 from $1,400,-000 to $1,050,000, affirmed, without costs and without disbursements. On conflicting evidence, the experienced Special Referee found the value of this land to be $1,050,000, thus impliedly finding that the petitioner had to that extent sustained its burden to overcome the presumption of validity of the Tax Commission's assessment and had failed to establish a lower value than the Special Referee found. We are not persuaded that the Special Referee was wrong. This determination is of course without prejudice to the taxpayer's contractual obligation to pay a minimum tax under paragraph 402 of the agreement between the taxpayer and the city. Concur—Murphy, Lupiano, Silverman and Nunez, JJ.; Kupferman, J., dissents in the following memorandum: This is a certiorari tax proceeding to review the assessment for the tax year 1969/1970 of a housing development located at Second Avenue between 25th and 26th Streets, which was undertaken as part of an urban renewal project. The property, with improvements thereon, was acquired by the city in condemnation in 1964 at a cost of $1,942,155. It was at that time assessed at $1,081,500. The land, free of the structures thereon, was conveyed to the petitioner for the sum of $632,510. The city undertook also to pay some extraordinary excavation costs totaling $354,884,50. What is involved is the proper assessment for only the land for one year, because an agreement was entered into for real property tax exemption effective subsequent to the issuance of a temporary certificate of occupancy. That certificate was issued in June, 1970. For the one year involved the assessment was $1,400,000, which is presumptively valid, and the petitioner has to sustain the burden of proving overassessment. *(Matter of Global Chartering & Brokerage Co. v Tax Comm. of City of N.Y.,* 27 AD2d 524.) The Special Referee reduced it to $1,050,000, and the Tax Commission appeals, while the petitioner cross-appeals for failure to reduce the assessment to $800,000. While arguments can be made for various figures to be used, the only one which can have a rational basis is that agreed upon in section 402 of the contract between the parties with reference to the tax exemption, which provides that to the extent, for the future, the assessment is in excess of $1,081,500, the assessed value at the time of acquisition by the city, the payment of tax due on the excess will be remitted or exempted. This is clearly an acceptance by all concerned as to the minimum assessed value at a time coincident with the tax period involved.